IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ERYN PRESSLEY, #33671-177** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:19cv523** |
| § | **CRIMINAL ACTION NO. 4:17cr196(1)** |
| **UNITED STATES OF AMERICA** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Eryn Pressley filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning her Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

The Street Crime Unit of the Allen, Texas, Police Department identified Movant's codefendant, Douglas Kilborn, as a person of interest who had stolen over $25,000.00 in merchandise from Target stores in the Dallas/Fort Worth, Texas area. Crim. ECF (Dkt. #75 at 4). Essentially, Kilborn would take an expensive item and exit the store through a fire exit. *Id.* The officers learned that Movant, Kilborn's girlfriend, rented vehicles that Kilborn would then use to transport the stolen merchandise. *Id.* Using various websites, the couple would sell the stolen merchandise. *Id.*

One of the rented vehicles used by Movant was spotted at a hotel in Plano, Texas. *Id.* Law enforcement were advised both Kilborn and Movant were residing in Room 115, officers saw Kilborn

1

leave the room. *Id.* He then fled on foot when the officers approached him. After a short pursuit, officers took Kilborn into custody, finding 0.5 grams of methamphetamine and other drug paraphernalia on his person. *Id.* Officers contacted Movant in Room 115 of the hotel. After Movant opened the door and while speaking to Movant, officers saw a handgun in plain sight lying on a table. *Id.* The officers then obtained a search warrant. During the execution of the search warrant, officers seized the handgun. *Id.*

Movant and Kilborn were charged with felon in possession of a firearm by a grand jury, in violation of 18 U.S.C. § 922(g)(1). *Id.* at 3. On March 27, 2018, Movant pled guilty pursuant to a written Plea Agreement. *Id.* (Dkt. #47). The Factual Basis shows that Movant stipulated to the following concerning the discovery and seizure of the handgun:

> [O]fficers proceeded to the hotel room and located Pressley inside.
>
> While speaking with Pressley, officers observed a firearm in plain view. Officers obtained a search warrant. During execution of the warrant, officers seized a loaded Smith and Wesson, .38 caliber revolver, Model 36, Serial Number 46J687. During further investigation, it was determined that both Kilborn and Pressley were previously convicted felons.
>
> [I], Eryn Pressley, knew that I possessed the firearm described above after I had been previously convicted of a felony. I knew that my possession of the firearm was prohibited by law because I was a convicted felon.

Crim. ECF (Dkt. #49 at 1-2). At her Plea Hearing, Movant affirmed under oath that everything in the Factual Basis was true and correct. Crim. ECF (Dkt. #97 at 19-21).

On August 16, 2018, the District Court sentenced Movant to 87 months' imprisonment after she pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1). Movant filed a notice of appeal (Dkt. #81); on June 19, 2019, the Fifth Circuit dismissed her appeal as frivolous (Dkt. #90).

Thereafter, Movant timely filed the instant § 2255 motion, asserting she is entitled to relief based on ineffective assistance of counsel (Crim ECF Dkt. #93; 2255 ECF Dkt. #1). Specifically, Movant claims that Counsel failed to file a motion to suppress evidence based on an alleged Fourth Amendment violation that occurred prior to her guilty plea. For the reasons stated below, the Court concludes that Movant is not entitled to relief, and her § 2255 motion should be denied.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). In a § 2255 proceeding, a movant may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct

appeal." *Id.* Similarly, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013).

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts her trial counsel was ineffective. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn her conviction on the grounds of ineffective assistance of counsel must prove her entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If she fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

Movant asserts she is entitled to relief because Counsel failed to file a motion to suppress. Movant complains about the seizure of a handgun, which she now asserts was not in plain sight and alleges was seized without a search warrant.

First, a movant cannot succeed in an ineffective assistance of counsel claim by making conclusory allegations that counsel failed to file motions, make objections, or to follow the movant's instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). Movant must specify what actions Counsel should have taken and how they would have changed the outcome of the case. *Id*. A determination of ineffectiveness depends on whether a motion or objection would have been granted or sustained had it been made. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). Moreover, a guilty plea generally waives constitutional deprivations occurring prior to the plea. *United States v. Sanchez-Guerrero*, 546 F.3d 328, 331 (5th Cir. 2008), *cert. denied*, 556 U.S. 1172 (2009); *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *United States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *Guerrero,* 546 F.3d at 331; *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007), *cert. denied*, 552 U.S. 936 (2007); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430 (5th Cir. 2008).

The record shows that Movant pled guilty pursuant to a written Plea Agreement. *See* Crim. ECF (Dkt. #47). In the Plea Agreement, Movant waived her rights to plead not guilty, to be tried by a jury, to have her guilt proved beyond a reasonable doubt, to confront and cross-examine

witnesses, to call witnesses in her defense, and to not be compelled to testify against herself. She stated that she understood the charge and the elements of the offenses, as well as the possible sentence(s) she faced. Movant stipulated that her guilty plea was freely and voluntary given, and not the result of force, threats, or promises, other than those contained in the written Plea Agreement. Also included in his Plea Agreement was the following waiver provision:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review a claim of ineffective assistance of counsel.

*Id*. Furthermore, the Plea Agreement states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id*. Movant's Plea Agreement also states, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement. *Id.* Further, Movant states, "I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." *Id*. Movant's signed Plea Agreement shows that her guilty plea was knowingly and voluntarily made.

At Movant's change of plea hearing, Movant said she understood the charge, the elements of the offense, and the rights she was waiving by pleading guilty. She had read and understood the Plea Agreement before signing it. Movant understood the possible sentencing range. She stated that

6

everything contained in the Factual Basis was true and correct. The Court admonished Movant as to her waiver of rights and the rights she was reserving. Accordingly, the plea hearing also shows that Movant's guilty plea was knowing and voluntary. *Id*. (Dkt. #97). Additionally, the undersigned United States Magistrate Judge concluded in the Findings of Fact that Movant's "plea is knowing and voluntary and did not result from force, threats, or promises (other than the promises set forth in the plea agreement)." *Id*. (Dkt. #50).

Movant has not rebutted the presumption that her guilty plea and waiver were entered knowingly and voluntarily. She has likewise failed to show that ineffective assistance of counsel affected the validity of the waiver or the plea itself. Because Movant's plea of guilty was knowing and voluntary, any assertion concerning the seizure of the handgun is waived as it is a claim occurring prior to her guilty plea. *Guerrero,* 546 F.3d at 331. *See also, Jackson v. United States*, 2015 WL 10793508 (E.D. Tex. Aug. 6, 2015), *report and recommendation adopted*, 2015 WL 10793743 (E.D. Tex. Aug. 19, 2015) (finding voluntary and unconditional guilty plea waived claim as to alleged illegal search and seizure). Even were that not the case, the Court notes that the record reflects that officers saw the gun in plain view, and they then obtained a search warrant. Crim. ECF (Dkt. #64). Movant agreed with these facts, stipulating in her Factual Basis that "officers observed a firearm in plain view [and o]fficers obtained a search warrant" (Crim. ECF Dkt. #49). The Fourth Amendment commands that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." "The exclusionary rule provides the typical remedy for Fourth Amendment violations: suppression of the evidence at trial." *United States v. Mendez*, 885 F.3d 899, 909 (5th Cir. 2018) (citations omitted). In the present case, Movant has not shown a violation of the Fourth Amendment. The gun was

spotted in plain view and the officers then obtained a search warrant. Had Counsel filed a motion to suppress, it would not have been granted; Movant fails to show that Counsel had any basis for filing a motion to suppress. *Jackson*, 2015 WL 10793508 (finding factual basis, which confirmed firearm in plain view, belied movant's claim that a basis existed to suppress handgun). Counsel is not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett* , 907 F.2d 524, 527 (5th Cir. 1990).

## IV.  CONCLUSION

In conclusion, Movant fails to meet her burden in showing that Counsel's performance was deficient or that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. She fails to show that, but for trial counsel's alleged deficient performance, she would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 57-59. Finally, the record establishes that Movant's plea of guilty was knowing and voluntary; therefore, her guilty plea waived any issue concerning the seizure of the handgun, which occurred prior to her plea. *Guerrero,* 546 F.3d at 331; *Henderson*, 411 U.S. at 267 (a knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea). For these reasons, the motion should be denied.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on

a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

It is recommended the above-styled motion for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE